**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

IN RE: Kathy Ann Marable,　　　　　　　　＊　Chapter 13
　　　　　　Debtor.　　　　　　　　　　　　＊　Case No.  15-40044

## CHAPTER 13 PLAN

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee and the Debtor shall pay to the Trustee the sum of **$480** per month.
2. From the payments so received, the Trustee shall make disbursements as follows:
　　(a) The Trustee percentage fee as set by the United States Trustee.
　　(b) The monthly payments will be made on the following long term debts: **None**
　　(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executor contracts made after the filing of a Proof of Claim by the creditor. These payments will be applied to reduce the principal of the claim.

| Name of Creditor | Adequate Protection |
|---|---|
| **USAA** | **$50** |

　　(d) The following claims are not subject to cram down because debts are secured by purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one (1) year of filing.

| *Name of Creditor* | Amount Due | Interest | Collateral | Payment |
|---|---|---|---|---|
| **USAA** | **$16,128** | **5%** | **2005 Chevrolet** | **$310** |

　　(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| Name of Creditor | Amt Due | Value | Interest | Collateral | Payment |
|---|---|---|---|---|---|
| **Equity Auto** | **$2750** | **$ 1** | **-** | **2005 Chevrolet (2nd lien)** | **$ 1** |
| **USA Discounters** | **$8395** | **$4000** | **5%** | **Furniture** | **$77** |

　　(f) Attorneys fees ordered pursuant to 11 U.S.C. §507(a)(2) of **$3,000** to be paid as an administrative expense.
　　(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowable as follows: **None**
　　(h) The following collateral is surrendered to the creditor: **Debtor surrenders the 2001 Dodge Durango to Equity Auto Loan a/k/a InstaLoan.**
　　(i) The following domestic support obligations will be paid over the life of the plan: **None**
　　(j) The following secured claims are classified to be paid at 100%: **None**
　　(k) All other 11 U.S.C. §507 priority claims will be paid in full over the life of the plan as funds become available in the order specified by law.
　　(l) The Debtor will be the disbursing agent on the following debts: **None**
　　(m) Special provisions:
　　　　(1) Upon completion of plan payments, all non-purchase money security liens and/or judicial/statutory liens in favor of the following creditors shall be avoided pursuant to 11 U.S.C. §522(f), and said creditors shall cancel said lien of record within fifteen (15) days of such notice: **a) Community Finance and Loan.**
　　　　(2) Upon completion of plan payments to secured creditors, **USAA and Equity Auto a/k/a InstaLoan,** shall release its lien and transfer title of the **2005 Chevrolet Avalanche** to the Debtor.

   (3)  The valuation shown above shall be binding unless timely objection to confirmation is filed. Secured claims shall be allowed for the value of the collateral or the amount of the claim, whichever is less, and shall be paid in monthly installments and at the interest rate as shown above. Secured creditors shall retain their liens as provided in 11 U.S.C. §1325(a)(5).

   (4)  Debtor shall make plan payments by income deduction order.

  (n) Debtor will make payments that will meet all of the following parameters:

   (i) Debtor will pay all of her disposable income as shown on Form B22C of $0 to the non priority unsecured creditors in order to be eligible for a discharge.

   (ii)  If the Debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.  Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for a discharge in this case.

   (iii)  The Debtor will pay **$0** to the general unsecured creditors to be distributed pro rata.

  (o)  General unsecured creditors whose claims are duly proven and allowed will be paid:

  **0%** dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n) (iii), and the Debtor pays in at least 36 monthly payments to be eligible for discharge.

  (p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the Debtor remains property of the estate subject to the court's jurisdiction, notwithstanding section 1327(b), except as otherwise provided in paragraph (m) above.  Property of the estate not paid to the trustee shall remain in the possession of the Debtor.  All property in the possession and control of the Debtor shall be insured by the Debtor.  The Chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the Debtor or other property affected by property in possession and control of the Debtor.

  (q)  Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Prepared by: /s/ Valerie G. Long          Date: 01/15/2015
   (Attorney for Debtor)